IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND PIERRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 13-2102-SLR |
| ) | |
| BEEBE HOSPITAL/MEDICAL CENTER,) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

1. **Introduction**. Plaintiff Raymond Pierre ("plaintiff"), proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1981(a) and § 1985(3) and appears to assert civil rights, wrongful termination/ employment discrimination, and conspiracy claims.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim,

(2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint**. Plaintiff was employed by the Beebe Medical Center ("Beebe"), a not-for-profit community medical center with campuses located throughout Sussex County, Delaware. Plaintiff alleges he was wrongfully terminated on an unnamed date by reason of race. The complaint alleges that defendant Cheryl Graf ("Graf"), who apparently works in human resources, did not "want to hear a word" from plaintiff. Plaintiff further alleges that defendant Billy Graham ("Graham")[1] called him names and, thus, defamed him. Finally, the complaint alleges that Beebe engaged in a conspiracy. Plaintiff seeks compensatory and punitive damages.

7. **Discussion**. The complaint, as it now stands, fails to state a claim upon which relief may be granted. Initially the court notes that there are no allegations directed towards defendants Beebe Medical Center Pavillion, The Honorable William Swain Lee, Jacquelyn O. Wilson, Jeffrey M. Fried, Catherine C. Halen, Steven Rhone,

---

[1]This case was originally filed in the United States District Court for the Middle District of Pennsylvania before it was transferred here. Prior to the transfer, plaintiff filed a motion to voluntarily dismiss Graham as a defendant. (*See* D.I. 6)

3

Alex A. Snydor, Allison "Rick" Lewis, Paul Temple, and Kathy Fryling. In addition, plaintiff alleges in a conclusory manner employment discrimination based upon a race pursuant to 42 U.S.C. § 1981.[2] Finally, the complaint alleges that Beebe engaged in a conspiracy in violation of 42 U.S.C. § 1985(3), again in a conclusory manner.[3] The claims as currently pled are deficient. Accordingly, the court will dismiss the complaint for failure to state a claim upon which relief may be granted. However, since it appears plausible that plaintiff may be able to articulate a claim against defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

---

[2] The elements of a 42 U.S.C. § 1981 claim are identical to those for a claim of employment discrimination under Title VII. *See Seldon v. National R.R. Passenger Corp.*, 452 F. Supp. 2d 604, 608 (E.D. Pa. 2006) (citations omitted). Section 1981 prohibits "racial discrimination in the making and enforcement of contracts." *Wallace v. Federated Dep't Stores, Inc.*, 214 F. App'x 142, 144 (3d Cir. 2007) (unpublished). Section 1981 applies to employment contracts and provides a federal remedy against discrimination in private employment on the basis of race. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975). In order to establish a prima facie case of discrimination, plaintiff must show that: (1) he is a member of a protected class, (2) he satisfactorily performed the duties required by his position, (3) he suffered an adverse employment action, and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination. *Wallace*, 214 F. App'x at 144-45.

[3] To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrossian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

4

8. **Conclusion**. For the above reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given an opportunity to amend the complaint. A separate order shall issue.

Dated: April 29, 2014

UNITED STATES DISTRICT JUDGE