IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND PIERRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-2102-SLR |
| | ) |
| BEEBE HOSPITAL/MEDICAL CENTER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Raymond Pierre ("plaintiff"), proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1981(a) and (c) and § 1985(3) and appears to assert civil rights, wrongful termination/ employment discrimination, and conspiracy claims. The original complaint was dismissed on April 29, 2014 and plaintiff was given leave to amend. Plaintiff filed an amended complaint on May 13, 2014. (D.I. 17) He moves the court for an order to serve process. (D.I. 18)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere

2

conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint.** Plaintiff was employed by the Beebe Medical Center ("Beebe"), a not-for-profit community medical center with campuses located throughout Sussex County, Delaware. Plaintiff, a person of color, alleges he was wrongfully terminated on July 1, 2013 by reason of race. On March 28, 2013, plaintiff received a second written warning for an incident that occurred on March 25, 2013, described as a "direct refusal to obey supervisory directives pertaining to work requirements" when plaintiff refused to clean a room as requested by defendant lead housekeeper Rick Lewis ("Lewis"). (D.I. 17 ex. formal disciplinary action form) The corrective action plan states, "suspension possibly leading to dismissal with concurrence of human resources if it occurs again." (*Id.*) The warning was signed by defendant Paul J. Temple ("Temple") as the department director/manager taking action. (*Id.*)

3

7. The complaint refers to a third incident similar to the March 25, 2013 incident. It alleges that Lewis directed plaintiff (who was in the isolation room) to drop what he was doing and report to the CAT room or lab. (D.I. 17 at 4-5) Plaintiff ignored the order. The next day, plaintiff received a write-up from Temple for not leaving the isolation room as requested. He alleges the write-up is false and unlawful and that Lewis made a perjured statement. When plaintiff complained about the write-up, he was taken to the office of defendant Catherine C. Halen ("Halen"), vice-president of human resources. (*Id.* at 5) Plaintiff alleges that during the meeting with Halen, Temple made racist comments (e.g., if Rick asked you to jump off the bridge, you have to do it). Plaintiff alleges that had he not been a person of color, Halen would have investigated the matter. (*Id.* at 2)

8. Beebe's environmental services director Kathy Fryling ("Fryling") and Temple called plaintiff into an office and plaintiff was told that his employment was terminated. (*Id.* at 3) When plaintiff asked why, Fryling and Temple stated that they did not know why. (*Id.*) Plaintiff then went to the office of defendant director of personnel Cheryl Graf ("Graf") to ask why he was terminated, and she stated, "I do not want to hear it! Just give me your badge!" Plaintiff alleges this is a racist comment. (*Id.* at 3) Finally, the amended complaint alleges that defendant Billy Graham ("Graham") made an unsuccessful attempt to have plaintiff fired for sexual harassment. (*Id.* at 4)

9. The amended complaint names as defendants Beebe Hospital/Medical Center and Beebe Medical Center Pavilion.[1] It also names the following individuals as

---

[1] The Beebe Medical Center includes the Beebe Healthcare's Women's Health Pavilion and outpatient services at its College Park Medical Pavilion. *See* http://www.beebehealthcare.org/search/site/pavilion (Aug. 21, 2014).

defendants under a respondeat superior theory: The Honorable William Swain Lee ("Lee"), chairman of the Beebe Healthcare Board of Directors; Jeffrey M. Fried ("Fried"), chief executive officer of Beebe; Jacquelyn O. Wilson ("Wilson"), a member of the Board of Directors; vice-president of patient care Steven D. Rhone ("Rhone"); and vice-president of external affairs Alex A. Syndor ("Syndor"). Plaintiff seeks compensatory damages.

10. **Discussion.** The amended complaint fails to state a claim upon which relief may be granted. There are no allegations directed towards defendants Beebe Hospital/Medical Center, Beebe Medical Center Pavillion, Lee, Wilson, Fried, Rhone, or Snydor. In addition, plaintiff alleges in a conclusory manner employment discrimination based upon race pursuant to 42 U.S.C. § 1981.[2] Plaintiff alleges that he is a person of color and refers to racist comments by Temple and Graf; in reading the statements, however, there is no hint of discrimination or racism. Plaintiff also alleges in a conclusory manner that, had he not been a person of color, Halen would have investigated the matter. However, the facts as alleged, as well as the exhibit attached

---

[2]The elements of a 42 U.S.C. § 1981 claim are identical to those for a claim of employment discrimination under Title VII. *See Seldon v. National R.R. Passenger Corp.*, 452 F. Supp. 2d 604, 608 (E.D. Pa. 2006) (citations omitted). Section 1981 prohibits "racial discrimination in the making and enforcement of contracts." *Wallace v. Federated Dep't Stores, Inc.*, 214 F. App'x 142, 144 (3d Cir. 2007) (unpublished). Section 1981 applies to employment contracts and provides a federal remedy against discrimination in private employment on the basis of race. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975). In order to establish a prima facie case of discrimination, plaintiff must show that: (1) he is a member of a protected class, (2) he satisfactorily performed the duties required by his position, (3) he suffered an adverse employment action, and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination. *Wallace*, 214 F. App'x at 144-45.

to the amended complaint, indicate that plaintiff's employment was terminated as a result of multiple disciplinary actions. Plaintiff has failed to establish a prima facie case of discrimination.

11. Finally, as in the original complaint, the amended complaint alleges in a conclusory manner that defendants engaged in a conspiracy in violation of 42 U.S.C. § 1985(3).[3] Plaintiff was given an opportunity to cure the pleading defects in the original complaint but failed to do so. The claims in the amended complaint have no arguable basis in law or in fact. Accordingly, the court will dismiss the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

12. **Conclusion**. For the above reasons, the court will deny plaintiff's motion for service of process (D.I. 18) and the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. *See Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (unpublished) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A separate order shall issue.

Dated: August 26, 2014

UNITED STATES DISTRICT JUDGE

---

[3]To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrossian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (unpublished) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

6