IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND PIERRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-2102-SLR |
| | ) |
| BEEBE HOSPITAL/MEDICAL CENTER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Raymond Pierre ("plaintiff"), proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1981(a) and (c) and § 1985(3) and appears to assert civil rights, wrongful termination/ employment discrimination, and conspiracy claims. The original complaint was dismissed on April 29, 2014, and plaintiff was given leave to amend. Plaintiff filed an amended complaint on May 13, 2014, and it was dismissed as frivolous on August 28, 2014. (D.I. 20)

2. On September 23, 2014, plaintiff filed a motion to recuse (D.I. 21), and a motion on a notice of appeal (D.I. 22), docketed as a notice of appeal. On appeal, plaintiff indicated that D.I. 22 was not a notice of appeal. *See Pierre v. Beebe Hosp. Med. Ctr.*, No. 14-4024 (3d Cir. Apr. 7, 2015) at 05th overt notice. The appellate court remanded the matter for a determination of D.I. 22. *See id.* at Apr. 24, 2015 clerk order. The court has reviewed the document and construes it as a motion for reconsideration.

3. **Motion for reconsideration**. Plaintiff moves for reconsideration of the court's August 28, 2014 memorandum and order that dismissed the case as frivolous. (*See* D.I. 19, 20) Plaintiff takes exception to the court's ruling and appears to argue that the court erred and abused its discretion in dismissing the case. (D.I. 22) The court will deny the motion.

4. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Having reviewed plaintiff's motion, the court finds that he has failed to demonstrate any grounds to warrant reconsideration of the court's August 28, 2014 memorandum and order.

5. **Rule 60**. Plaintiff's motion refers to Fed. R. Civ. P. 60(b)(3) and (4). (D.I. 22) Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

2

longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

6. Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). In addition, Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial." *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002).

7. Rule 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Under Rule 60(b) (4), "'[a] judgment is not void' . . . 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). "Instead, Rule

3

60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted).

8. The relief plaintiff seeks is not available under either Rule 60(b)(3) or Rule 60(b)(4). Neither Rule is intended to permit relitigation of the merits of the case which is plaintiff's obvious intent. With regard to Rule 60(b)(3), plaintiff has failed to come forth with clear and convincing evidence of misconduct. With regard to Rule 60(b)(4), plaintiff's assignment of legal error, without more, does not justify the granting of relief. It is evident that plaintiff disagrees with the dismissal of his case. Regardless, this is an insufficient basis for granting the relief he seeks.

9. **Motion for recusal**. Plaintiff moves for recusal of the undersigned pursuant to 28 U.S.C. § 144 on the grounds that the undersigned is biased or prejudiced. (D.I. 21) The court will deny the motion.

10. Section 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff asks the court to construe his one page motion to recuse as a "legal affidavit." (D.I. 21)

11. As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the

4

sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and (3) evince bias that is personal, as opposed to judicial in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). Here, it is evident that plaintiff's scant allegations of bias and prejudice consist of subjective conclusions and disagreements with this court's rulings. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations); *see also Cooney v. Booth*, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) (holding that opinions and conclusions based upon suspicion, conjecture, and speculation are legally insufficient to warrant recusal). Moreover, the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, plaintiff has not met the requirements of § 144 and, therefore, his motion for recusal under 28 U.S.C. § 144 will be denied.

12. **Conclusion.** For the above reasons, the court will deny plaintiff's motions. (D.I. 21, 22). A separate order shall issue.

Dated: May __4__, 2015

_____
UNITED STATES DISTRICT JUDGE

5